Mordecai JOFEN, formerly known as The Edward Blech Trust, as Trustee of the Harbor Trust, Plaintiff–Appellant,

v.

EPOCH BIOSCIENCES, INC., formerly known as Epoch Pharmaceuticals, Inc., Defendant–Appellee.

No. 02–7912.

United States Court of Appeals, Second Circuit.

May 14, 2003.

Samuel E. Kramer, New York, NY, for Appellant.

Gary B. Friedman, Friedman & Shube, (Steven M. Hanle, Stradling Yocca Carlson & Rauth, Newport Beach, CA), New York, NY, for Appellee, of counsel.

PRESENT: WALKER, Chief Judge, CARDAMONE, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 14th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Mordecai Jofen appeals the July 10, 2002, judgment of the district court granting a motion to dismiss filed by defendant-appellee Epoch Biosciences ("Epoch"), and dismissing Jofen's amended complaint alleging several claims, including breach of contract, in connection with an agreement pursuant to which, *inter alia,* 500,000 warrants for unregistered Epoch shares were to be "held in escrow by [Epoch] until such time as the balance of the Ribonetics Debt ... is satisfied."

On appeal, Jofen argues primarily that ambiguous terms of the agreement precluded dismissal under Rule 12(b)(6). We review *de novo* the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), taking as true the material facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff. *See Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996).

The facts of this case have been recited in detail in the district court's decision, familiarity with which is assumed. *See Jofen v. Epoch Biosciences, Inc.,* No. 01 Civ. 4129(JGK), 2002 WL 1461351, at *1 (S.D.N.Y. July 8, 2002). Having carefully considered all of plaintiff's arguments, we agree with the district court's conclusion that satisfaction of the Ribonetics Debt was a condition precedent to any duty on the part of Epoch to register the shares underlying the warrants. *See id.* at *4–*6.

Accordingly, for substantially the reasons stated in the district court's thoughtful and thorough opinion, *see id.* at *4–*10, the judgment of the district court is hereby AFFIRMED.